KAREN P. HEWITT
United States Attorney
AARON B. CLARK
Assistant U.S. Attorney
California State Bar No. 239764
United States Attorney's Office
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6787

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS JAIME HERNANDEZ-CUEVAS,<br><br>Defendant. | CRIMINAL CASE NO. 3:07-CR-3023JM<br><br>DATE: December 12, 2007<br>TIME: 11:00 a.m..<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTIONS<br><br>[1] TO COMPEL DISCOVERY; AND<br>[2] LEAVE TO FILE FURTHER MOTIONS.<br><br>TOGETHER WITH A STATEMENT OF THE FACTS AND THE MEMORANDUM OF POINTS AND AUTHORITIES, AND GOVERNMENT'S MOTIONS FOR:<br><br>(1) RECIPROCAL DISCOVERY<br>(2) FINGERPRINT EXEMPLARS |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Aaron B. Clark, Assistant United States Attorney, hereby files its Response and Opposition to Defendant's Motions for Discovery/Leave to File Further Motions. The Government also hereby files Motions for (1) Reciprocal Discovery, and (2) Fingerprint Exemplars. This response and motion is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

## I

## STATEMENT OF THE CASE

On November 7, 2007, the Government filed a one-count indictment charging Jesus Jaime Hernandez-Cuevas ("Defendant") with violating 8 U.S.C. § 1326(a) and (b), attempted entry after deportation. On November 13, 2007, Defendant was arraigned on the Indictment and entered a plea of not guilty.

## II

## STATEMENT OF FACTS

On October 5, 2007, at approximately 9:12 p.m., Defendant applied for entry into the United States through the San Ysidro, California Port of Entry as the passenger in a gray 2005 Nissan Pathfinder. The driver was Marisela Herndandez, Defendant's sister. Defendant's mother, Pascuala Cuevas-Hernandez, was also a passenger in the vehicle. During primary inspection, Defendant presented to Customs and Border Protection ("CBP") Officer Romeo Valdez a California Identification Card #A8680357 bearing his name and likeness. Defendant further stated that he was a United States citizen by birth in Los Angeles, CA. Officer Valdez then queried Defendant's name and date of birth in the Treasury Enforcement Communications System (TECS), which indicated Defendant had been previously deported. Officer Valdez thereafter escorted the vehicle and its occupants to secondary inspection.

In secondary inspection, officers queried Defendant's fingerprints and photograph through the Integrated Automated Fingerprint Identification System (IAFIS) . The records check indicated that Defendant is a citizen of Mexico with no entitlements to enter or reside in the United States. Defendant was subsequently arrested and taken into custody.

In a subsequent interview with Marisela Hernandez, Defendant's sister, she stated taht she borrowed her brother's vehicle to take her mother to Tijuana, Mexico. Her mother then bought Defendant's State of California identification card and stated the idea was to bring Defendant back into the United.

//

//

**III**

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION FOR DISCOVERY**

**1. Discovery in this Matter is Current**

To date, the Government has provided Defendant with 58 pages of discovery and one DVD. The documents produced to date include, inter alia: (1) investigative reports; (2) Defendant's criminal history; (3) documents seized from Defendant's person; and (4) photographs taken during the investigation. . As of the date of this filing, the Government has received no reciprocal discovery.

The above covers most of Defendant's specific requests for discovery. In addition, the Government will also produce documents from Defendant's A-file and audio tape of Defendant's deportation hearing as soon as copies have been made.

**2. The Government Has and Will Continue to Comply With Its Discovery Obligations**

The Government recognizes and acknowledges its obligation pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act, and Rules 12 and 16 of the Federal Rules of Criminal Procedure. The Government has complied and will continue to comply with its discovery obligations going forward.

As to exculpatory information, the United States is aware of its obligations under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will comply. The United States will also produce any evidence of bias/motive or impeachment of any of its witnesses of which it becomes aware. An inquiry pursuant to United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991) will also be conducted.

If the Government determines that there is a confidential informant whose identity is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause," it will disclose that person's identity to the Court for in-chambers inspection. See Roviaro v. United States, 353 U.S. 53, 60-61 (1957); United States v. Ramirez-Rangel, 103 F.3d 1501, 1505 (9th Cir. 1997).

Upon reasonable notice, the Government will allow Defendant opportunity to inspect and copy the records in Defendant's A-file that concern Defendant's immigration status.

The United States will provide a list of witnesses at the time the Government's Trial Memorandum is filed. The grand jury transcript of any person who will testify at trial will also be

produced. The United States will produce any reports of experts that it intends to use in its case-in-chief at trial or such reports as may be material to the preparation of the defense.

The United States has provided and will continue to provide information within its possession or control pertaining to the prior criminal history of Defendant. If the Government intends to offer any evidence under Rules 404(b) or 609 of the Federal Rules of Evidence, it will provide timely notice to Defendant.

To the extent Defendant requests specific documents or types of documents, the Government will continue to disclose any and all discovery required by the relevant discovery rules. Accordingly, the Government respectfully requests that no orders compelling specific discovery by the United States be made at this time.

**3. The Government Objects to Requests for Discovery That Go Beyond Any Statutory or Constitutional Disclosure Provision.**

The Government recognizes its obligation under Brady and Giglio to provide material evidence that could be used to impeach Government witnesses including material information related to perception, recollection, ability to communicate, or truth telling. The Government, however, strenuously objects to providing any evidence that a witness has ever used narcotics or other controlled substance, or undergone psychiatric treatment because such information is not discoverable under Rule 16, Brady, Giglio, Henthorn, or any other Constitutional or statutory disclosure provision

## IV

## NO OPPOSITION TO LEAVE TO FILE FURTHER MOTIONS

The United States does not object to the granting of leave to allow Defendant to file further motions, as long as the order applies equally to both parties and additional motions are based on newly discovered evidence or discovery provided by the United States subsequent to the instant motion at issue

## V

## MOTION FOR RECIPROCAL DISCOVERY

The United States hereby moves for reciprocal discovery from the Defendant. To date Defendant has not provided any. The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof,

which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in their case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intend to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendants intend to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

In addition, Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

**VI**

**MOTION FOR FINGERPRINT EXEMPLARS**

As part of its burden of proof at trial, the Government must prove beyond a reasonable doubt that Defendant is the same person who was previously deported from the United States. Defendant's warrants of deportation and related documents bear fingerprints to verify his identity. In order to meet our burden of proof, the United States anticipates calling a certified fingerprint examiner to obtain fingerprint exemplars from Defendant and compare those with the fingerprints on the immigration documents.

//

Defendant has no privilege against providing fingerprint exemplars. The Fifth Amendment privilege is limited to communications or testimonial evidence. Schmerber v. California, 384 U.S. 757, 763-64 (1966). The Government's use of identifying physical characteristics, such as fingerprint exemplars, does not violate a defendant's Fifth Amendment rights. See, e.g., United States v. De Palma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968). Compare United States v. Jackson, 886 F.2d 838, 845 n.8 (7th Cir. 1989) ("There is no doubt that requiring a defendant to give a handwriting specimen does not violate his fifth amendment privilege against self-incrimination since the privilege reaches only compulsion of a defendant's communication."). Accordingly, the Court should order that Defendant provide fingerprint exemplars to the Government's fingerprint expert.

## VII

## CONCLUSION

For the above stated reasons, the United States respectfully submits its Response and Opposition to Defendant's Motions for Discovery, and requests that its Motion for Reciprocal Discovery be granted.

DATED: December 3, 2007.

Respectfully Submitted,

KAREN P. HEWITT
United States Attorney

*s/ Aaron B. Clark*
AARON B. CLARK
Assistant U.S. Attorney
Email: aaron.clark@usdoj.gov

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JESUS JAIME HERNANDEZ-CUEVAS,<br>Defendants. | ) | Criminal Case No. 3:07-CR-3023-JM<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Aaron B. Clark, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the United States' Response and Opposition to Defendant's Motion to Compel Discovery and Leave to File Further Motions, and Government's Motion for Reciprocal Discovery and Fingerprint Exemplars on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Inge Brauer

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 6, 2007

s/ *Aaron B. Clark*
Aaron B. Clark